L. C. SMITH v. THE INDEPENDENT SCHOOL DISTRICT OF COUNCIL BLUFFS, Appellant.

**Compliance with Contract:**   DIRECTED VERDICT. Where in an action for the price of a ventilator, the defense was that it failed to stand the tests to which it was subjected, and there was evidence supporting plaintiff's contention that the tests were not made, as required by the contract of purchase, the trial court properly overruled a motion for a verdict, at the close of plaintiff's evidence.

**INSTRUCTIONS:**   *Estoppel to attack.* Where, in an action for the price of a ventilator, it appeared that defendant's officers were present when the apparatus was adjusted, and knew the material that was being used, and made no protest or demand that different materials be used, defendant could not complain that a verdict against it was contrary to an instruction that "if the apparatus was put in with the proper material, so as to

increase the hazard of the building from fire, the defendant
will not be required to accept it, and that the burden rested on
the defendant to establish this defense."

INSTRUCTION CONSTRUED: Where the parties to a sale of a ventilator
had agreed to a test, to be made in a certain manner, to deter-
mine its practical working, an instruction, in an action for the
price, that "if it appears from the great weight of the evidence
that the plaintiff constructed the apparatus in question in a
good workman-like manner, and that, by the tests of the said
apparatus made by plaintiff and defendant, the same compiled
with all the terms of plaintiff's guaranty, to-wit," etc., then,
and in that event, plaintiff will be entitled to recover the con-
tract price, was not objectionable as excluding from the jury a
consideration of the practical working of the ventilators.

*Appeal from Pottawattamie District Court.*—HON. A. B.
THORNELL, Judge.

SATURDAY, OCTOBER 6, 1900.

ON the twenty-third day of October, 1897, the plaintiff
commenced this action upon a contract entered into between
him and the defendant on the twenty-seventh day of July,
1897, whereby the plaintiff agreed to furnish and attach in
good, workmanlike manner, upon the boiler furnace used in
the high school building in the defendant district, "Smith's
ventilator and heat retainer," for the consideration of $225
in which contract he guarantied certain results as to currents
of air, steadiness and keeping of fire, saving of fuel, and a
more steady volume of heat and pressure of steam. Plain-
tiff alleges performance of the contract on his part, and asks
to recover the contract price. He also alleges certain extra
services rendered necessary by the acts of the defendant, for
which he asks to recover $15. The defendant answered,
denying that the plaintiff had performed the contract, in that
the appliance failed to fulfill the guaranties in the contract.
Defendant alleges that by reason of the failure of the plain-
tiff it was put to expense, and its building damaged, where-
fore it asks to recover $300. Verdict and judgment were

rendered in favor of the plaintiff for $230.95. Defendant appeals.—*Affirmed.*

*J. J. Stewart* for appellant.

*Clem F. Kimball* for appellee.

GIVEN, J.—I. At the close of the evidence for the plaintiff the defendant moved for a verdict on the grounds that the evidence fails to sustain the petition, that plaintiff had no cause of action when this case was begun, and that he had failed to show that the apparatus complied with his guaranties in the contract. The motion was overruled, and of this the defendant first complains. By the contract it was agreed that the plaintiff should attach his appliance in a certain manner, and that it should produce certain results, as already stated. For the purpose of testing its efficiency, it was agreed that when the apparatus had been attached it should be subject to an immediate test, to be conducted in a certain manner. The heating plant without the appliance was to be tested, and its capacity determined; a specified amount of coal being used. The day following, the plant was to be tested with the apparatus attached, using the same amount of coal; the results in each test to be noted. These tests were made, but it is claimed by the plaintiff that they were not as required by the contract, in that the defendant used part of his appliance in the first day's test, did not use the amount of coal agreed upon, and failed to put the grate bars in position as agreed. He also claims that the defendant thereafter refused to make a further test as provided in the contract. The contract provides "that the final test and determination of the acceptance of said apparatus shall be made by one representative appointed by the first party and one appointed by the second party, and the third to be selected by the two thus appointed. Said final test and final determination as to the acceptance and of liability on the bond given to be made not later than Feb. 1, 1898." It also

provides that if the apparatus fails to perform as guarantied when final test is made, and is rejected, plaintiff should remove the same, "and adjust all pipes and flues as before, leaving the furnace in good condition," and relieve the defendant from the payment of the contract price. It also provides that if the apparatus fails, "and that in case a bond is given to secure the faithful performance of this contract, the first party [the defendant] may sue and recover upon the same from the guarantor and sureties any amount that may have been paid." There is evidence tending to support the plaintiff's claim that the tests made were not made upon the part of the defendant as required by the contract, and that the defendant failed and refused to have any further test. These issues were properly submitted to the jury, and upon them they found for the plaintiff. We cannot say, under the evidence, that they were not warranted in so finding; and, as this evidence was before the court at the time the motion for verdict was made, we conclude that there was no error in overruling the motion. These issues being with the plaintiff, he did have a cause of action when this case was begun, and had not failed to comply with the guaranties in the contract.

II. Defendant moved for a new trial on a number of grounds, only a part of which are urged in argument. It is insisted that the verdict is contrary to the evidence, and to the tenth instruction, wherein the court instructed that if the apparatus was put in with improper material, so as to increase the hazard to the building from fire, the defendant would not be required to accept it, and that the burden rested upon the defendant to establish this defense. The jury was warranted in finding from the evidence that this defense was not sustained. The defendant's officers were present, and knew the material that was being used, and, so far as appears, made no protest, or demand that different material should be used. In the sixth instruction the court told the jury: "If it appears from the greater weight

of the evidence that the plaintiff constructed the apparatus in question in a good, workmanlike manner, and that, by the tests made of said apparatus by plaintiff and defendant, the same complied with all the terms of plaintiff's guaranty, to-wit [enumerating the guaranties in the contract], then and in that event the plaintiff will be entitled to recover the contract price." It is argued that this "excludes from the jury the consideration of the practical working of said apparatus." The parties had agreed upon tests to be made in a certain manner, by which its practical workings were to be determined. Therefore there was no error in the instruction. While upon the issues of fact we might arrive at a different conclusion from that reached by the jury, if it were our province so to do, yet those issues having been properly submitted, we find no reason for disturbing the verdict, and the judgment is therefore AFFIRMED.

GRANGER, C. J., not sitting.